558     APPELLATE COURTS OF ILLINOIS.

U. S. Cast Iron P. & F. Co. v. City of Chicago, 185 Ill. App. 558.

what Soper had said, or on what Collins founded the report which led to the settlement.

It perhaps also may well be noted that the counter-affidavit of Carleton among other things stated a fact of which no contradiction was made—that prior to the date of the notes the defendants had resumed possession and full charge and management of the Institute involved.

We do not think the action of the court below was unjustified, and its order appealed from is affirmed.

*Affirmed.*

**United States Cast Iron Pipe & Foundry Company, Appellee, v. City of Chicago, Appellant.**

**Gen. No. 18,874.   (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed March 30, 1914. Rehearing denied and additional opinion filed April 13. 1914.

### Statement of the Case.

Action by United States Cast Iron Pipe and Foundry Company, a corporation, against the City of Chicago to recover certain amounts which plaintiff claims that the defendant wrongfully deducted from what was due it for pipe sold and delivered by the plaintiff to the defendant under five written contracts. The defendant claimed the right to the deductions under a provision in the contracts whereby defendant was to be entitled to deduct and retain the sum of fifteen dollars as liquidated damages for each day's delay in making the deliveries and performing the contract. Upon trial by the court, plaintiff recovered judgment

for the amount of the deductions, and defendant appeals.

WILLIAM H. SEXTON, for appellant; NICHOLAS MICHELS, of counsel.

WINSTON, PAYNE, STRAWN & SHAW, for appellee; RALPH M. SHAW and WALTER H. JACOBS, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. EVIDENCE, § 46*—*burden of proof.* The burden of proof is upon the party asserting the affirmative of a proposition.

2. DAMAGES, § 170*—*burden of proof.* In an action to recover amounts alleged to have been wrongfully deducted by defendant under provision in contract allowing a deduction of fifteen dollars for each day of delay in performing the contracts as liquidated damages, *held* that the burden was upon the plaintiff to prove performance of the contract and to prove that the deductions were wrongfully made.

3. DAMAGES, § 88*—*when provision in contract is for liquidated damages.* A provision in contracts for the deduction of fifteen dollars a day for delay in performance, the language expressly stating that such sum shall be treated as liquidated damages suffered and not by way of a penalty, construed as a provision for unliquidated damages and not as a penalty, and *held* that the amount agreed upon was not unreasonable.

---

## Wladyslaw Czecziotka v. Hammond Glue Company et al. On Appeal of Hammond Glue Company, Appellant, v. Frank Comerford and Seymour N. Cohen, Appellees.

### Gen. No. 18,886.

1. ATTORNEY AND CLIENT, § 146*—*when attorney entitled to lien on settlement with client.* Where under a contract of employment with attorneys the client agreed "to allow them to retain out of any amounts collected for me on account of such claim one-half